**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MELISA TEMPLE,

      Plaintiff-Appellant,

v.

AUTO BANC OF KANSAS, INC.,
doing business as John Chezik Honda,

      Defendant-Appellee.

No. 99-3356
(D.C. No. 98-CV-2533)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

---

Plaintiff Melisa Temple appeals pro se from the district court 's grant of summary judgment to defendant on her claims of employment discrimination and retaliation in violation of Title VII and the Kansas Act Against Discrimination. [1]

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. Appellant's motion to proceed before this court without prepayment of costs or fees is granted.

We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291. We review the district court 's grant of summary judgment de novo, applying the same standards as that court pursuant to Fed. R. Civ. P. 56(c). *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1313 (10th Cir. 1999). On appeal, plaintiff contends that the district court applied the wrong standards in examining her claims of sexual harassment and hostile work environment and disputes the court's recitation of facts in connection with her claims of retaliation as well as the legal conclusions flowing from those facts.

Plaintiff also alleges additional facts which were not before the district court and seeks to supplement the record with additional documents which, although contained in a list of possible trial exhibits, were not presented to the district court in response to defendant's motion for summary judgment. [2] Defendant opposes plaintiff's motion to supplement the record and has filed a motion to strike those portions of plaintiff's appellate briefs which recite or rely on facts or documents not before the district court. Because we agree with defendant that plaintiff was required to make her proof on summary judgment before the district court and because this court does not review documents that were not before the district court when it ruled on the summary judgment motion,

---

[2] We note plaintiff was represented by counsel during the proceedings before the district court, including opposition of defendant's motion for summary judgment.

we GRANT defendant's motion to strike and DENY plaintiff's motion to supplement the record. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (noting burden of nonmoving party on summary judgment); *Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992) (stating appellate court will not review documents not before the district court in making underlying ruling).

After careful review of the parties' arguments on appeal, together with the record before the district court, we conclude that the district court correctly decided this case. Therefore, for substantially the reasons set forth in that court's thorough Memorandum and Order, dated November 3, 1999, the judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge